Opinión concurrente y disidente emitida por la
Jueza Asociada Señora Fiol Matta, a la cual se une la Jueza Asociada Señora Rodríguez Rodríguez.
Concurro con la decisión de este Tribunal respecto a que el Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero aplicaba a la consulta de ubi *73 cación que presentó el recurrido y que a la luz de las disposiciones del reglamento procedía denegar la consulta. Sin embargo, entiendo que no debemos adoptar la norma de la “reglamentación pendiente” en nuestra jurisdicción por la limitación que ello supone a las facultades delegadas a la Junta de Planificación de Puerto Rico (Junta de Planificación) para la planificación integral y armoniosa del desarrollo de nuestro país.
I
La controversia planteada en este caso, sobre si la Junta de Planificación debió utilizar un reglamento de zonificación aprobado con posterioridad a la presentación de una consulta de ubicación como fundamento para denegarla es, en esencia, una controversia sobre la aplicación retroactiva de dicho reglamento que debemos atender conforme a la doctrina civilista sobre la irretroactividad de las leyes.(1)
El Artículo 3 del Código Civil de Puerto Rico establece el principio de irretroactividad de las leyes:
Las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario.
En ningún caso podrá el efecto retroactivo de una ley perjudicar los derechos adquiridos al amparo de una legislación anterior. 31 L.P.R.A. see. 3.
En ocasiones anteriores hemos señalado que este principio no es una norma absoluta y que se debe aplicar como *74 una regla general de interpretación de estatutos. Por esta razón, una ley podrá tener efecto retroactivo si la intención legislativa así lo dispone expresa o tácitamente. Warner Lambert Co. v. Tribunal Superior, 101 D.P.R. 378, 384-388 (1973). Véanse, además: Vélez v. Srio. de Justicia, 115 D.P.R. 533, 542 (1984); Consejo Titulares v. Williams Hospitality, 168 D.P.R. 101 (2006). Ahora bien, el Artículo 3 del Código Civil, supra, limita el efecto retroactivo de una ley para que no se perjudiquen los derechos adquiridos al amparo de una ley anterior. Por lo tanto, para determinar si el efecto retroactivo de una ley es válido se debe evaluar si dicho efecto surge de forma expresa o tácita, según la intención legislativa, y si éste afecta derechos adquiridos al amparo de una ley anterior.
En el campo del derecho administrativo tenemos que tener en cuenta que el poder de reglamentación de las agencias proviene de la facultad que les delega la rama legislativa. Por consiguiente, al aplicar el principio de irretroactividad de las leyes a un reglamento es necesario determinar, en primer lugar, si el reglamento tiene efecto retroactivo; en segundo lugar, si la agencia que lo adopta tiene la facultad delegada de otorgarle efecto retroactivo a ese reglamento, y en tercer lugar, si el efecto retroactivo del reglamento es válido. El reglamento tendrá efecto retroactivo si afecta actos jurídicos realizados, situaciones jurídicas nacidas o hechos acaecidos antes de su vigencia. L. Diez-Picazo y A. Gullón Ballesteros, Sistema de Derecho Civil, 9na ed., Madrid, Ed. Tecnos, 1997, Vol. I, pág. 106.
La facultad de concederle efecto retroactivo a un reglamento puede ser delegada de forma expresa o tácita por la rama legislativa. Si no surge de forma expresa en la ley, entonces habrá que evaluar si según la intención legislativa y la naturaleza de la facultad a la que se le intenta dar efecto retroactivo, es razonable concluir que la delegación a la agencia fue tácita. La facultad tácitamente delegada debe ser necesaria para que la agencia pueda adelantar los *75 propósitos de su ley habilitadora y debe estar dentro de los amplios poderes expresamente delegados por la Asamblea Legislativa. Caribe Comms., Inc. v. P.R.T. Co., 157 D.P.R. 203 (2002). Véase, además, M. & B.S., Inc. v. Depto. de Agricultura, 118 D.P.R. 319, 325-326 (1987).
Luego de determinar si la agencia tiene la facultad de atribuirle efecto retroactivo a un reglamento, se debe evaluar la validez de ese efecto retroactivo, tomando en consideración si éste surge de forma expresa o tácita del reglamento y si afecta derechos adquiridos al amparo de un reglamento anterior.
II
Apliquemos el marco doctrinal explicado al caso que nos ocupa. En este caso, la Junta de Planificación utilizó el Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero como uno de los fundamentos para denegar la consulta de ubicación que presentó el recurrido antes de que dicho Plan estuviera vigente. Evidentemente, el reglamento bajo análisis tiene efecto retroactivo, ya que afecta un hecho que aconteció antes de su vigencia.
La Ley Orgánica de la Junta de Planificación de Puerto Rico, Ley Núm. 75 de 24 de junio de 1975, delegó a la Junta de Planificación la facultad de crear Planes de Uso de Terrenos y Reglamentos de Zonificación con el propósito de guiar el desarrollo integral de Puerto Rico. 23 L.P.R.A. secs. 62c, 62m y 62o. Abase de la facultad delegada y de su conocimiento especializado, la Junta de Planificación ha adoptado Reglamentos de Zonificación en los cuales establece las normas esenciales sobre cómo y dónde deben ubicarse las actividades sociales y económicas de Puerto Rico.(2)
*76 La facultad de zonificar es una facultad especializada. Su objetivo es buscar la armonía y la planificación integrada entre los usos designados en los terrenos del país. Al adoptar o enmendar un reglamento de zonificación, la Junta de Planificación intenta evitar la aprobación de usos no conformes y contrarios a la política pública establecida en la nueva reglamentación. Por esto, de acuerdo con la propia naturaleza de esta facultad, es razonable que la agencia pueda otorgarle efecto retroactivo a dichos reglamentos. Esta facultad es necesaria para que la agencia ejerza efectivamente su función de zonificar.
La facultad de concederle efecto retroactivo a los Reglamentos de Zonificación no surge de forma expresa en la Ley Orgánica de la Junta de Planificación. Sin embargo, dado que la intención legislativa es lograr el desarrollo integral del país, la facultad de darle efecto retroactivo a los Reglamentos de Zonificación resulta necesaria para que la Junta pueda adelantar el propósito de la ley. Por eso, es forzoso concluir que esta facultad se le delegó tácitamente a la Junta dentro de su amplio poder de adoptar Reglamentos de Zonificación.
Una vez determinado que la Junta de Planificación tiene la facultad de otorgarle efecto retroactivo a los Reglamentos de Zonificación, corresponde evaluar la validez del efecto retroactivo del reglamento bajo análisis. Este reglamento, llamado el Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero, fue adoptado por la Junta de Planificación con el propósito de controlar los usos de los terrenos en esta cuenca y proteger, conservar y restaurar los sistemas naturales que la componen. En el Capítulo V, sobre Instrumentos de Implantación del reglamento, se dispone que la zonificación establecida “determinará el uso y la intensidad básica de las actividades actuales y propuestas en el área estudiada”. (Énfasis suplido.) Capítulo V(A)(1) del Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortu *77 güero, 28 de octubre de 2000, pág. 52. Además, añade que todo proyecto presentado ante la Junta de Planificación y la Administración de Reglamentos y Permisos deberá cumplir con lo establecido en el reglamento y que su vigencia será inmediata. Id.
Ante la evidente intención expresa de la Junta de Planificación de aplicar retroactivamente este reglamento a las actividades propuestas o proyectos presentados en la agencia, debemos examinar la posibilidad de que el reglamento afecte derechos adquiridos al amparo de un reglamento anterior. En ese análisis no podemos olvidar que la mera solicitud de un permiso de construcción no confiere ningún derecho adquirido al solicitante. Phi Delta Pi v. Junta Planificación, 76 D.P.R. 585, 591 (1954). Para que exista tal derecho es necesario que la agencia pertinente apruebe previamente el permiso y que la persona que lo obtenga haya incurrido en gastos sustanciales actuando a base de dicho permiso. Al respecto hemos expresado lo siguiente:
Efectivamente, la regla generalmente establecida, que ahora adoptamos, determina que una vez se haya expedido un permiso de construcción por un funcionario debidamente autorizado, y la persona que ha obtenido el permiso ha actuado a base de ese permiso y ha incurrido en gastos sustanciales, el derecho logrado en virtud de la construcción se convierte en un derecho adquirido que el gobierno no puede destruir en virtud de una revocación del permiso. Yokley, Zoning Law and Practice, segunda ed. pág. 234, et seq., sec. 100, y casos allí citados y discutidos. (Enfasis suplido.) Phi Delta Pi v. Junta Planificación, supra, pág. 591.
La presentación de una consulta de ubicación es el inicio de un proceso de evaluación que hace la Junta de Planificación para determinar si permitirá el uso propuesto en un predio determinado.(3) En una consulta de ubicación el uso *78 propuesto es, de por sí, un uso no permitido por la zonificación aplicable al predio determinado, dejando a la discreción de la agencia su consideración y posible autorización. Sección 3.03 del Reglamento de Procedimientos Adjudicativos de la Junta de Planificación, Reglamento Núm. 6031, 13 de octubre de 1999. Este proceso de evaluación no concluye sino hasta la aprobación o denegación final del permiso. Debido a que el solo acto de presentar una consulta de ubicación no supone, ni garantiza, la aprobación del permiso, tampoco puede conceder un derecho bajo la reglamentación vigente al momento de presentarse la consulta.
En este caso, el recurrido presentó una consulta de ubicación el 5 de septiembre de 2000. El Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero entró en vigencia el 28 de octubre de 2000. Finalmente, la consulta de ubicación del recurrido fue denegada el 17 de enero de 2002, tomando en consideración el reglamento aplicable a la Cuenca Hidrográfica de la Laguna Tortuguero hacía más de un año.
Según el Reglamento de Procedimientos Adjudicativos de la Junta de Planificación, al aprobar o denegar una consulta de ubicación la Junta debe tomar en consideración, entre otras cosas, los Reglamentos de Zonificación.(4) Dado que el efecto retroactivo del reglamento en este caso no afectó un derecho adquirido al amparo del reglamento anterior, estamos ante un efecto retroactivo válido y la Junta de Planificación aplicó correctamente el reglamento bajo *79 análisis al denegar la consulta de ubicación que presentó el recurrido.(5)
La regla general en las jurisdicciones estatales de Estados Unidos apoya esta conclusión. La mayor parte de estas jurisdicciones han adoptado, como norma general y bajo el contexto de las ordenanzas municipales de zonificación, que la solicitud de un permiso de construcción presentada antes de que una ordenanza de zonificación entre en vigor no otorga ningún derecho sobre un uso prohibido por dicha ordenanza. La norma acogida añade que los derechos de las partes se deben determinar a base de la reglamentación vigente al momento en que se ejerce el uso permitido, en vez de la reglamentación vigente al momento en que se presenta la solicitud del permiso. Véase 8 McQuilin, The Law of Municipal Corporations Sec. 25.155, págs. 567-568 (3ra ed. rev. 2000).(6) Véanse, además: Metro. Dev. Comm’n v. Pinnacle Media, LLC, 836 N.E.2d 422, 428 (2005); Fillmore v. Town of Sanbornton, 319 A.2d 103, 104-105 (1974).
Debemos señalar que la regla general en las jurisdicciones estadounidenses es más amplia que la aquí propuesta, ya que no requiere evaluar la facultad delegada a la agencia ni la validez del efecto retroactivo de la nueva orde *80 nanza; más bien reconoce la retroactividad como la regla general:
As a general rule, a newly enacted zoning ordinance will apply retroactively to block a building permit applied for but not granted before the effective date of the new ordinance. (Enfasis suplido.) 2 Yokley, Zoning Law and Practice Sec. 14-7, pág. 14-29 (4ta ed. 2003).
Ill
La opinión mayoritaria propone adoptar en nuestra jurisdicción, no la norma general antes explicada, sino la norma de la “reglamentación pendiente” desarrollada en algunas jurisdicciones de Estados Unidos. Según esta norma, si se aprueba un reglamento después de haberse presentado una solicitud de permiso, este nuevo reglamento se podrá aplicar a lo solicitado solamente si estaba pendiente de aprobación al momento en que se presentó la solicitud. Esta norma, sin embargo, proviene de las jurisdicciones estadounidenses que han decidido no aplicar la norma general:
Although there are major exceptions, the rule followed in most jurisdictions is that a newly adopted prohibitory zoning regulation may ordinarily be applied with retroactive effect to bar issuance of a building permit that was duly applied for prior to the adoption or the effective date of the new regulation. Some jurisdictions, however, refuse to follow the general rule if the new zoning regulation was not “pending” —that is, officially proposed or in actual process of enactment— when the application for the building permit was filed. (Enfasis suplido y escolios omitidos.) Anotación, Retroactive Effect of Zoning Regulation, in Absence of Saving Clause, on Pending Application for Building Permit, 50 A.L.R.3d 596, 602, Sec. 2[a] (1973).(7)
*81 No creo que en este caso debamos desviamos de la regla aplicada por la mayoría de las jurisdicciones. Al condicionar la retroactividad a que la nueva reglamentación esté pendiente de aprobación cuando se presenta la consulta, la norma minoritaria de la “reglamentación pendiente” reconoce, implícitamente, que el solicitante tiene el derecho a que su solicitud sea evaluada bajo la reglamentación vigente al momento en que la presenta. McQuillin, supra, Sec. 25.155, pág. 571.(8) Esto limita y condiciona la facultad administrativa de aplicar retroactivamente la nueva reglamentación.
Opino que reconocer este derecho constreñiría innecesariamente la discreción administrativa y resultaría en una incongruencia jurídica. Por un lado, la norma de la “reglamentación pendiente” reconocería un derecho adquirido a que se adjudique la solicitud bajo la reglamentación vigente al momento de presentarse una consulta de ubicación, mientras que por el otro, nuestro ordenamiento no reconoce la adquisición de derecho alguno sino hasta que se logre la aprobación final de la consulta y se haya incurrido en gastos sustanciales actuando a base de dicha aprobación. Phi Delta Pi v. Junta Planificación, supra.
Además, la norma de la “reglamentación pendiente” limitaría la aplicación de un reglamento con efecto retroactivo válido, ya que condiciona dicha aplicación a que el reglamento esté pendiente de aprobación al momento de presentarse la solicitud de un permiso o consulta de *82 ubicación. Esto traería como consecuencia práctica la aprobación de permisos que no estarían conformes con la reglamentación vigente en determinado momento y que responderían, en vez, a una reglamentación derogada. En el contexto de un reglamento de zonificación implicaría la aprobación de usos no conformes a la zonificación vigente, precisamente el efecto que la Junta de Planificación debe evitar.
En el caso ante nuestra consideración, el recurrido propuso el desarrollo de un parque industrial pesado a ser ubicado en la Cuenca Hidrográfica de la Laguna Tortuguero. Conforme a la norma hoy establecida por la Mayoría de este Tribunal, si el Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero no hubiese estado pendiente de aprobación cuando el recurrido presentó la consulta de ubicación, la Junta de Planificación no hubiera podido aplicarlo y al resolver la consulta se habría visto obligada a desacatar el reglamento vigente a esa fecha que prohíbe de forma expresa la aprobación en esa cuenca hidrográfica de proyectos industriales como el aquí propuesto. La incongruencia me parece evidente.
IV
Por todo lo anterior, concurro con la opinión mayoritaria respecto a que el Plan y Reglamento Especial para la Cuenca Hidrográfica de la Laguna Tortuguero aplicaba a la consulta de ubicación presentada por el recurrido y que, a la luz de las disposiciones del reglamento, procedía la denegación de la consulta. Sin embargo, disiento de la adopción de la norma de la “reglamentación pendiente” en nuestra jurisdicción.
Nuestro derecho atiende la presente controversia sin necesidad de introducir nuevas fuentes de derechos adquiridos o irretroactividad. Ante una controversia sobre la *83 aplicación retroactiva de un reglamento, debemos determinar, en primer lugar, si el reglamento tiene efecto retroactivo; en segundo lugar, si la agencia que lo adopta tiene la facultad delegada de otorgarle efecto retroactivo a ese reglamento, y en tercer lugar, si se trata de una aplicación retroactiva válida. El momento en que fue propuesto o estaba pendiente de aprobación el nuevo reglamento realmente no debe ser pertinente.

 El principio de la irretroactividad de las leyes se extiende a la aplicación de los reglamentos administrativos: “La palabra Leyes utilizada por el artículo [3] ha de entenderse en sentido amplio, por lo que el principio de irretroactividad deberá aplicarse a las demás normas jurídicas; por ejemplo, a las disposiciones administrativas.” F. Bonet Ramón, Compendio de Derecho Civil, Madrid, Ed. Rev. Der. Privado, 1959, T. I, pág. 203.
En la jurisprudencia estadounidense también se han tratado estas controversias como regidas por el efecto retroactivo de los reglamentos de zonificación. Véase Anotación, Retroactive Effect of Zoning Regulation, in Absence of Saving Clause, on Pending Application for Building Permit, 50 A.L.R.3d 596 (1973).

 Introducción del Reglamento de Zonificación de Puerto Rico, Reglamento Núm. 6211 de 5 de noviembre de 2000.

 La Sección 2.00(7) del Reglamento de Procedimientos Adjudicativos de la Junta de Planificación define una consulta de ubicación, en lo pertinente, como “el procedimiento ante la Junta de Planificación, para que evalúe, pase juicio y tome la *78 determinación que estime pertinente, sobre propuestos usos de terrenos que no son permitidos ministerialmente por la reglamentación aplicable en áreas zonificadas, pero que las disposiciones reglamentarias proveen para que se consideren por la Junta de Planificación”. (Énfasis suplido.) Reglamento de Procedimientos Adjudicativos de la Junta de Planificación, Reglamento Núm. 6031, 13 de octubre de 1999, pág. 5.

 Sección 7.01 del Reglamento de Procedimientos Adjudicativos de la Junta de Planificación, Reglamento Núm. 6031, 12 de noviembre de 1999.

 Idéntica conclusión expresó el Secretario de Justicia en una opinión en la cual reconoce que un reglamento puede tener efecto retroactivo sobre la solicitud de un permiso, aunque de una forma más amplia, ya que no requiere analizar la facultad delegada a la agencia ni la validez del efecto retroactivo del reglamento. Según la opinión:
“Como regla general, una mera solicitud de permiso no crea un derecho a favor del peticionario; por lo tanto, si hay un cambio en las condiciones requeridas para la expedición del permiso, antes de emitirse decisión sobre una solicitud pendiente, entiendo que tal decisión debe basarse en las disposiciones en vigor en este momento. No aplica la anterior regla, sin embargo, cuando el solicitante ha actuado de buena fe basándose en algún tipo de autorización.” (Escolio omitido.) Op. Sec. Just. Núm. 1970-30, pág. 149.

 “In most jurisdictions it is clear that, as a general rule, the denial of an application for a building permit may be based on a zoning regulation enacted or becoming effective after the application was made, or to state the rule conversely, a zoning regulation may be retroactively applied to deny an application for a building permit, even though the permit could have been lawfully issued at the time of application.” (Escolio omitido.) Anotación, supra, Sec. 3, pág. 607.

 “We consider first the threshold question as to whether the applicant’s rights are to be measured under Ordinance 85 in effect at the time of the application, or under Ordinance 133 in effect at the time this case went to trial. Idaho has adopted the minority view that the applicant’s rights are measured under the law in effect at the time of the application. See: McQuillin, The Law of Municipal Corporations, *81 [Sec.] 25.155 (3d ed.1965). In [Ben Lomond, Inc. v. City of Idaho Falls, 92 Idaho 595, 601, 448 P.2d 209, 215 (1968)], we stated:
“ ‘At least in those cases like the present one, in which no zoning ordinance was pending at the time an application for a building permit is filed, it is our opinion that an applicant is entitled to a building permit upon compliance with the then existing ordinance.’ ” (Énfasis suplido y en el original.) Ready-To-Pour, Inc. v. McCoy, 511 P.2d 792, 795 (1973).

 “However, even if he has not made the substantial expenditures in reliance upon the city’s position necessary to create an estoppel, he is still entitled to obtain a building permit which is within the provisions of existing zoning so long as the rezoning ordinance which would preclude the intended use is not pending at the time when a proper application is made.” (Énfasis suplido.) Smith v. City of Clearwater, 383 So.2d 681, 689 (1980).